IN THE CIRCUIT COURT FOR THE 23RD JUDICIAL CIRCUIT
JEFFERSON COUNTY, MISSOURI

| | |
|---|---|
| BEN SCOFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 20JE-CC00277 |
| ) | |
| WSTR HOLDINGS, INC. D/B/A BIG DOG ) | |
| TREESTANDS, INC. ) | |
| ) | |
| and ) | |
| ) | |
| BUCHHEIT OF HERCULANEUM, INC. ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT BUCHHEIT HERCULANEUM, INC.'S MOTION TO DISMISS
PURSUANT TO MISSOURI REVISED STATUTE 537.762**

NOW COMES Defendant BUCHHEIT OF HERCULANEUM, INC., (hereinafter "Buchheit"), by and through its attorneys, and pursuant to Mo. Rev. Stat. § 537.762, hereby respectfully requests that this Court enter an Order granting Buchheit's Motion to Dismiss. Specifically, Buchheit requests dismissal of all of Plaintiff's claims against it under the "innocent seller" statute, R.S.Mo. § 537.762.  In support of its motion, Buchheit avers as follows:

1. Section 537.762, R.S.Mo. provides that when a defendant's liability is based solely upon its status as a seller in the stream of commerce it may be dismissed from a products liability case.

2. Plaintiff has filed a petition against Defendant Buchheit, claiming damages resulting from the use of the allegedly defective climbing stick sold by Defendant Buchheit. (*See Petition attached hereto as **Exhibit A***). Plaintiff alleged that he purchased the subject climbing stick at Buchheit's store in Herculaneum, Missouri. (*See Plaintiff's Deposition Transcript, attached hereto as **Exhibit B**, at p. 23*).

3. Plaintiff's Petition is in three counts: 1) Strict Liability; 2) Strict Liability Failure to Warn; and 3) Negligence (for defective product). (*See **Exhibit A***).

4. Plaintiff alleges under strict products liability that at the time the stick ladder was manufactured, designed, sold and/or distributed by Defendant Buchheit during the course of its business, it was then in a defective condition unreasonably dangerous when put to its reasonably anticipated use. Plaintiff further alleges that as a direct result of this defect with the climbing stick he was injured. (*Id.*).

5. Defendant Buchheit filed its answer to Plaintiff's petition and has denied any liability to plaintiff's therein.

6. Defendant Buchheit is not the manufacturer of the product at issue and was merely a seller in the stream of commerce. (*See Affidavit of P. Jannin*, attached hereto as **Exhibit C**, at ¶ 4-6; *see also, Affidavit of T. Royer*, attached hereto as **Exhibit D**, at ¶ 6).

7. R.S.Mo. 573.762 provides that a defendant whose liability is based solely on its status as a seller in the stream of commerce may be dismissed from a product liability claim so long as another defendant is properly before the court and from whom total recovery may be had for plaintiff's claim.

8. Defendant Buchheit's liability, if any, is based solely on its status as a retailer or product seller in the stream of commerce of the allegedly defective product. (*See **Exhibit C***).

9. WSTR Holdings, Inc. d/b/a Big Dog Treestands ("WSTR") is properly before this court and was "upstream" as to Buchheit as the manufacturer/distributor of the subject climbing stick. (*See **Exhibit A***).

10. Total recovery may be had for plaintiff's claims from WSTR as they have $1,000,000 in insurance with The Hartford Insurance Group and $4,000,000 in insurance with

Starr Surplus Lines Insurance Company. (*See WSTR's Declaration Pages of Liability Insurance, attached hereto as **Exhibit E**).*

11.     As a non-manufacturing seller, Buchheit had no control or influence over the design, manufacture, construction, warnings, instructions or quality of the subject climbing stick. (*See **Exhibit C**, at* ¶ 6-14).

12.     Petrina Jannin has submitted an affidavit, a copy of which is attached hereto as "***Exhibit C***", pursuant to R.S.Mo. 537.762 which was made under oath and states that Patrina Jannin, as Safety Manager of Buchheit, is aware of no facts or circumstances upon which a verdict might be reached against it other than its status as a seller in the stream of commerce. (*See **Exhibit C**, at* ¶ 18).

13.     Moreover, Plaintiff has presented no evidence to establish that Buchheit did anything other than sell the subject stick ladder at issue in this case.

14.     Based on R.S.Mo. 537.762, the facts set forth herein, and the facts set forth in the attached exhibits and memorandum in support, this court should dismiss the claims against Defendant Buchheit from this matter with prejudice.

WHEREFORE, Defendant BUCHHEIT OF HERCULANEUM, INC. prays that it be dismissed pursuant to R.S.Mo. 537.762 and for such other relief as the court may deem appropriate.

Respectfully submitted this 10th day of June, 2020.

                Respectfully submitted,

                EVANS AND DIXON, L.L.C.

                By: /s/ Brian R. Shank
                    Brian R. Shank  (#59955)
                    Metropolitan Square
                    211 North Broadway, Ste. 2500
                    St. Louis, MO 63102
                    Phone: (314) 621-7755

Fax: (314) 621-3136
bshank@evans-dixon.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically with the Clerk of the Court to be served on all parties of record by operation of the Court's electronic filing system on this 10th day of June, 2020.

/s/Brian R. Shank

4467649