UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BEN SCOFIELD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO: 4:20CV01599 HEA |
| ) | |
| WSTR HOLDINGS, INC., D/B/A ) | |
| BIG DOG TREESTANDS, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion to Remand, [Doc. No. 13]. Defendant opposes the Motion. For the reasons set forth below, the motion will be denied.

**BACKGROUND**

This case is a refiling of State Court case #17JE-CC00227, which was a product liability case filed against Defendants WSTR and Buchheit. Buchheit is the seller of the subject climbing stick. Buchheit repeatedly requested dismissal based on it being an "innocent seller" of the allegedly defective product. Plaintiff refused and Buchheit sought summary judgment, which was denied by the State Court due to a procedural error regarding the requirements of the section 537.762 and lack of sworn testimony on certain issues. Plaintiff voluntarily dismissed

Buchheit from the original lawsuit on February 7, 2020. Plaintiff acknowledged in his motion, that he waited until after more than a year after Buchheit was a named defendant before voluntary dismissal to prevent Defendant from the right to removal to federal court. Defendant WSTR filed a motion for summary judgment on the merits based on the fact that Plaintiff failed to meet his burden of proof for his product liability claims on April 14, 2020. One day later, Plaintiff dismissed his entire cause of action. The order of dismissal of the prior case was issued on April 17, 2020.

Plaintiff again named Buchheit as a defendant upon refiling his case on April 16, 2020 in the State Court. Defense counsel immediately requested Plaintiff dismiss Buchheit as it had voluntarily dismissed it from the prior case. Plaintiff refused to dismiss Buchheit unless Defendant agreed to waive its right to remove this case to federal court. Buchheit proceeded with filing a Motion to Dismiss based on section 537.762, of the Missouri Revised Statutes, demonstrating that each requirement of the statute was met requiring its dismissal as an "innocent seller." This included provided evidence that the manufacturing Defendant was before the court from whom total recover may be had for Plaintiff's entire claim. Defendant WSTR provided its declaration page for liability insurance, which applies to Plaintiff's claims, with $5,000,000 of applicable insurance coverage. Plaintiff did not file a responsive memorandum to Buchheit's motion and did not

2

oppose the relief sought by Buchheit. After oral argument wherein Plaintiff did not oppose the relief sought by Buchheit, the State Court entered an Order dismissing Buchheit from the refiled case pursuant to the "innocent seller" statute on October 30, 2020. Defendant removed this matter to this Court upon the dismissal of the diversity-destroying defendant as permitted under 28 U.S.C. § 1446(b)(3).

## DISCUSSION

A defendant may remove an action from state court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441. For federal diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship, *i.e.*, "no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Plaintiff relies on the voluntary/nonvoluntary dismissal doctrine for remand. Under the "voluntary-nonvoluntary rule" adopted by the Eighth Circuit, a case that is non-removable on its initial pleadings for lack of diversity can only become removable pursuant to a voluntary act of the plaintiff. *See In re Iowa Mfg. Co.*, 747 F.2d at 463-64; *Power v. Norfolk Ry. Co.*, 778 F. Supp. 468, 469-70 (E.D. Mo 1991); *Machinsky v. Johnson and Johnson Medical, Inc.*, 868 F. Supp. 269, 270

3

(E.D.Mo. 1994). The Supreme Court developed the standard "voluntary-involuntary" rule for evaluating removability in *Powers v. Chesapeake & Ohio Ry.*, 169 U.S. 92, 99-101 (1898). The rule requires that a case remain in state court unless a "voluntary" act by the plaintiff brings about such a change in circumstances that makes the suit removable. *Whitcomb v. Smithson*, 175 U.S. 635, 638 (1900); *Ushman by Ushman v. Sterling Drug, Inc.*, 681 F. Supp. 1331 (C.D. Ill. 1988); *Drost Equipment, Inc. v. Ford Motor Co.*, 605 F. Supp. 94, 95 (S.D. Iowa 1985). The rule provides for a litmus test:

> If the dismissal of a defendant in state court creates complete diversity between all parties so that the case may be removed to federal court, the propriety of removal is determined according to whether the dismissal was voluntary or involuntary with respect to the plaintiff. In other words, if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however, if the dismissal of that resident defendant was involuntary.

*In re Iowa Mfg. Co. of Cedar Rapids*, 747 F.2d at 463. Plaintiff's reliance on this doctrine, however, is misplaced since the record establishes Buchheit was fraudulently joined in both cases.

The doctrine of fraudulent joinder is an exception to the complete diversity rule. Under this doctrine, a defendant's right to remove an action based on diversity jurisdiction cannot be defeated by the fraudulent joinder of a non-diverse or resident defendant. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). Joinder of a defendant is fraudulent where "no reasonable basis in fact and

4

law" exists to support claims asserted against that defendant. In such a situation, dismissal of the fraudulently joined defendant is proper. *Thompson v. R.J. Reynolds Tobacco Co.*, 760 F.3d 913, 915(8th Cir. 2014). The removing party bears the burden of proving that joinder was fraudulent. *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 808 (8th Cir. 2003).

In determining whether a defendant was fraudulently joined, the Court must decide "whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811. This question turns on whether the plaintiff might have a "colorable" claim against the resident defendant. *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). In making the prediction as to whether state law might impose liability based on the facts alleged, "the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." *Filla*, 336 F.3d at 811. Where the sufficiency of the plaintiff's claim is questionable, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide." *Id.*

Under Missouri law, a plaintiff may bring a products liability claim against a defendant, situated anywhere in the chain of commerce, if the defendant

5

transferred the product, the product was used in a manner reasonably anticipated, and either:

>(a) [t]he product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold; or

>(b) [t]he product was then unreasonably dangerous when put to a reasonably anticipated use without knowledge of its characteristics, and the plaintiff was damaged as a direct result of the product being sold without an adequate warning.

Mo.Rev.Stat § 537.760.

Under Missouri's Innocent Seller statute, however, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" so long as "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo.Rev.Stat. § 537.762.

The Missouri Supreme Court has held that "inherent in the statute is a substantive public policy choice of significant importance" and that it was "clear that [the Missouri] legislature sought to protect 'innocent' wholesalers and retailers from the perils of products liability claims, both procedurally and substantively by section 537.762." *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 445–46 (Mo. 2002). Therefore, "to the extent that a plaintiff can otherwise obtain

'total recovery,' all liability of a downstream seller who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer." *Id*. at 445. Because the dismissal provisions of the statute are substantive in nature, federal courts sitting in diversity must apply it. 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).

The Missouri legislature recently amended the statute to remove § 537.762(6), which stated:

> No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

Mo.Rev.Stat. § 537.762(6) (2018). But the legislature retained the last provision of the statute, which states that "[a]n order of dismissal under this statute is interlocutory in nature and may be set aside for good cause at any time prior to disposition." Mo.Rev.Stat. § 537.762(7) (2018). The provision was renumbered and is now Mo. Rev. Stat. § 537.762(6).

The parties disagree about the impact of the 2019 amendment. Specifically, the parties disagree as to whether the seller remains a functional party because the dismissal is interlocutory, and the party can be reinstated for good cause. The

parties also disagree about whether a defense based on the statute can be the basis for fraudulent joinder.

In *Block v. Toyota Motor Corp.*, 665 F.3d 944 (8th Cir. 2011), the Eighth Circuit held that Minnesota's Innocent Seller statute could provide the basis for fraudulent joinder. The Minnesota statute "mandates dismissal of strict liability claims against nonmanufacturers where the nonmanufacturer provides the identity of the manufacturer, unless the plaintiff shows that the nonmanufacturer falls into one of three exceptions." *Id.* (citing Minn. Stat. § 544.41 subdiv. 3). "If no exception applies, dismissal is mandatory but '[t]he plaintiff may at any time subsequent to dismissal move to vacate the order of dismissal and reinstate the ... defendant' where it can show an inability to recover against the manufacturer." *Id.* (citing Minn. Stat. § 544.41 subdiv. 2). The Eighth Circuit held that the statute could be a basis for fraudulent joinder, notwithstanding that the seller could theoretically be reinstated as a party.

In arriving at this conclusion, the Eighth Circuit specifically contrasted the Minnesota statute with the former version of the Missouri statute, which provided that a dismissed seller "remain[ed] a party for jurisdiction purposes." *Id.* at 949. However, this distinguishing language of the Missouri statute was removed as part of the 2019 amendment. The current Missouri Innocent Seller statute is

8

substantively similar to the Minnesota statute, and *Block*'s holding therefore applies with equal force.

Missouri's Innocent Seller statute may serve as the basis for a finding of fraudulent joinder. The Court, therefore, concludes that the statute unambiguously precluded Plaintiff's claim against Buchheit.

Plaintiff's complaint against Buchheit was based solely on its status as a seller in the stream of commerce. Since WSTR is properly before this Court and total recovery for Plaintiff's claim may be had against it, as evidenced by the insurance declaration, Buchheit was fraudulently joined and this case became removable upon the *uncontested* dismissal of Buchheit and Plaintiff's motion for remand will be denied.

## CONCLUSION

Based upon the foregoing analysis, Plaintiff's Motion to Remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, [Doc. No.

13] is **DENIED.**

Dated this 29th day of March, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE